# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EVONY, LLC and <br> REGAN MERCANTILE, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> PHILIP HOLLAND, <br> d/b/a XANDIUM STUDIOS, <br> d/b/a www.xandiumstudios.net, <br> a/k/a ZERO, <br><br> Defendant. | 2: 11-cv-00064 |

## MEMORANDUM OPINION AND ORDER OF COURT

Presently pending before the Court for disposition is the MOTION FOR PRELIMINARY INJUNCTION (*Document No. 6*)[1] and MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST PHILIP HOLLAND (*Document No. 16*) filed by Plaintiffs, Evony LLC and Regan Mercantile, LLC.

On March 15, 2011, the Court conducted an evidentiary hearing / argument on the motions. Plaintiffs were represented by Andrew T. O'Connor, Esquire of the law firm Edwards Angell Palmer & Dodge LLP and Eric G. Soller, Esquire of the law firm Pietragallo, Gordon, Alfano, Bosick & Raspanti, LLP. Defendant Philip James Holland appeared *pro se*.

### Procedural History

On January 18, 2011, Plaintiffs filed a seven-count Verified Complaint in which they alleged Copyright Infringement (Count I), Violation of the Digital Millennium Copyright Act ("DCMA") (Count II), Infringement of Trademark (Count III), Infringement of Trade Dress

---

[1] Plaintiffs filed a Motion for Preliminary Injunction; however, due to default being entered against Defendant, the motion for preliminary injunction was converted at the hearing into a motion for permanent injunction.

1

(Count IV), Breach of Contract (Count V), Tortious Interference with Contractual Relations (Count VI), and Tortious Interference with Prospective Economic Advantage (Count VII).

Plaintiff Evony, LLC ("Evony") developed and operates a Massively Multiplayer Online Real-Time Strategy game entitled *Evony* (the "*Evony* Game"). Evony is the owner of all exclusive rights and privileges in U.S. Copyright Registration Nos. TX07175070 and TX007175079 for the *Evony* Game. Evony also owns all substantial rights and good will in U.S. Trademark Registration No. 3,878,532 for the EVONY trademark ("EVONY Mark") and in the look and feel of the *Evony* Game (the "Trade Dress"). The *Evony* Game is designed to be played online by accessing servers maintained and operated by Evony, which requires authorized players to agree to the Terms of Use agreement for playing the *Evony* Game ("Terms of Use"). Distilled to its essence, Plaintiffs allege that Defendant, through his website, is "devoted to cheating, hacking, and publishing unauthorized copies of the *Evony* Game using the EVONY trademark and Trade Dress." Verified Complaint at 3.

The Summons and Verified Complaint were personally served upon Defendant Philip James Holland on January 21, 2011. *See* Proof of Service, Document No. 12. The Summons specifically instructed Defendant that he must serve on the Plaintiffs an answer to the Verified Complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within twenty-one (21) days after service of the summons. Defendant's answer due date was February 14, 2011. *Id*.

On January 21, 2011, Plaintiffs filed and served on Defendant their motion for preliminary injunction in which they sought to prohibit Defendant from continuing in his alleged infringing activities that are irreparably harming Plaintiffs' goodwill. *See* Document No. 5. No opposition to the motion for preliminary injunction has been filed by Defendant.

Defendant never requested an extension of the deadline by which to respond to the Verified Complaint, did not file an answer, motion or any other response to the Verified Complaint, never entered an appearance, or had an attorney enter an appearance on his behalf. Accordingly, on February 22, 2011, Plaintiffs requested the entry of Default against Philip Holland for failure to plead or otherwise defend. Without opposition, default was entered by the Clerk of Court on February 23, 2011.

On March 2, 2011, Plaintiffs filed the instant Motion for Default Judgment against Philip Holland. Not surprisingly, Holland did not file anything in response to the Motion for Default Judgment. For the reasons stated below, Plaintiffs' Motion for Default Judgment shall be granted and judgment entered in favor of Plaintiffs in the amount of $300,000.00, plus attorneys' fees and costs, with interest, in an amount to be determined.

## DISCUSSION

### I. Default Judgment Standard for Damages

Default judgment establishes the defaulting party's liability for the well-pleaded allegations of a complaint. *United States v. Gant*, 268 F.Supp.2d 29, 32 (D.D.C. 2003). "A consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 980 F.2d 1142, 1149 (3d Cir. 1990) (quoting 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, § 2688 at 444 (2d ed. 1983)). In other words, a party's default is almost universally deemed an admission of the Plaintiff's well-pleaded allegations of fact pertaining to liability. *See also Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be

established by proof unless the amount is liquidated or susceptible of mathematical computation.")

## II.  Liability

The Court finds that Plaintiffs have sufficiently established Defendant's liability in this action.  The facts pleaded in Plaintiffs' Verified Complaint sufficiently establish violations of the Copyright Act (Count I), the DMCA (Count II), and the Lanham Act (Counts III and IV).  Specifically, Plaintiffs have established that Defendant literally copied the *Evony* Game and that his website and the products on his website infringe the intellectual property rights owned by Plaintiffs.

Accordingly, under these facts deemed by the Court to be admitted, the Court finds and rules that Defendant infringed Plaintiffs' copyright and trademarks in violation of the Copyright Act, 17 U.S.C. § 501(a), and the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125.  The admissions also satisfy liability under the DMCA, which provides that "[n]o person shall circumvent a technological measure that effectively controls access to a work protected under this title."  17 U.S.C. § 1201(a)(1)(A).

To circumvent a technological measure "means to descramble a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner."  17 U.S.C. § 1201(3)(A).  Plaintiffs have proven that Defendant's three products, Evony Second Opinion, Evony Task Automater ("ETA"), and Evomap violate the DMCA as all three products allow players of the *Evony* Game to circumvent the *Evony* Game's login procedure and technological measure without Evony's permission or authorization.  According to Plaintiffs, the technological measure

that is being circumvented not only protects copyrighted material but also protects Evony's exclusive rights in the copyrighted material.

The Court finds that Defendant's three products, Evony Second Opinion, ETA, and Evomap, are designed to circumvent a technological measure that effectively controls access to Plaintiffs' copyrighted program. Accordingly, under these facts deemed by the Court to be admitted, the Court finds and rules that Defendant's actions have also violated the DMCA.

Furthermore, the Court finds that the facts pleaded in Plaintiffs' Verified Complaint also sufficiently establish violations under Delaware law of breach of contract and under Pennsylvania law of tortious interference with contractual relations and tortious interference with prospective economic advantage.

## III. Damages

Plaintiffs do not seek actual damages as no discovery has taken place, but instead request assessment of statutory damages for each of Defendant's copyright, DMCA, and trademark violations.[2] The Copyright Act, DMCA, and Lanham Act all contain provisions authorizing an award of statutory damages in lieu of actual damages. *See* 17 U.S.C. § 504(c); 17 U.S.C. § 1203(c)(3)(A); 15 U.S.C. § 117(c). The award of statutory damages is especially fitting in the default judgment context where Plaintiffs are without the benefit of any disclosures by the infringer, leaving damages uncertain.

---

[2] Because Plaintiffs cannot obtain discovery relating to the extent of Holland's breach of contract (Count V) and tortious inference with business relations (Counts VI and VII), Plaintiffs seek only injunctive relief on these three counts of their Verified Complaint. Plaintiffs' request for injunctive relief is discussed in this Memorandum Opinion at Paragraph IV.

### a. Statutory Damages

The Copyright Act provides, in relevant part, that:

> (1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just.
>
> (2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.

17 U.S.C. § 504(c). Plaintiffs request the statutory maximum award of $150,000 for the minimum number of acts of willful infringement already documented, that is, one act of willful infringement for each registered copyright, totaling $300,000.00 in statutory damages for willful infringement of U.S. Copyright Registration Nos. TX007175070 and TX007175079.

The DMCA establishes that,

> At any time before final judgment is entered, a complaining party may elect to recover an award of statutory damages for each violation of section 1202 in the sum of not less than $2,500 or more than $25,000.

17 U.S.C. § 1203(c)(3)(B). Plaintiffs seek the maximum statutory amount for the minimum number of violations - $25,000 for each of three violations - totaling $75,000.

The Lanham Act provides statutory damages in the amount of,

> (1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or
>
> (2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

15 U.S.C. § 1117(c). Plaintiffs request a statutory damages award of $300,000 for Defendant's

6

unauthorized use and willful infringement of the EVONY mark in its Evony Second Opinion and Evony Task Automater products.

Finally, Plaintiffs contend that the same remedies available under the Lanham Act for trademark infringement should also be available to a prevailing party for trade dress infringement. 15 U.S.C. § 1117(a) (citing 15 U.S.C. § 1125). Plaintiffs request $150,000 for Defendant's one act of trade dress infringement.

### b. Duplicative Damages

Plaintiffs argue that they should be awarded statutory damages under all four federal causes of action established in the Verified Complaint. In general, courts have recognized the bar to double recovery in the intellectual property context. *See, e.g.,Tu v. Tad System*, 2009 WL 2905780 (E.D.N.Y. 2009); *MuscleTech Research and Dev., Inc. v. East Coast Ingredients, LLC*, No. 00-cv-753A, 2007 WL 655755 at *5 (W.D.N.Y. Feb. 26, 2007) ("Plaintiffs may not . . . recover separate awards for both its trademark violations and copyright infringement claims but, rather, must elect between the two theories to avoid a double recovery;) *Twentieth Century Fox Film Corp v. 316 W. 49th Street Pub. Corp.*, No. 90-cv-6083, 1990 WL 165680, at *6 (S.D.N.Y. Oct. 23, 1990) (where identical acts violate both copyright and trademark laws, damages need be determined only once); *Manufacturers Techs., Inc. v. Cams, Inc.*, 728 F. Supp. 75, 85 (D. Conn. 1989) (separate awards under Lanham and Copyright Acts improper for the same "wrong"); *Original Appalachian Artworks, Inc. v. J. F. Reichert, Inc.,* 658 F. Supp. 458 (E.D. Pa. 1987) (any additional award under the Lanham Act would be duplicative of the award already awarded plaintiff under the Copyright Act.)

Nevertheless, other courts have found no double recovery bar where the plaintiff seeks statutory damages under the Copyright Act and disgorgement of the infringer's ill-gotten profits

under the Lanham Act. *See, e.g., Nintendo of Am., Inc. v. Dragon Pac., Int'l*, 40 F.3d 1007, 1010-11 (9th Cir. 1994) (awarding statutory damages under Copyright Act and disgorgement of defendant's profits under the Lanham Act); *Viacom Int'l, Inc. v. Fanzine Int'l, Inc.*, No. 98-cv-7448, 2001 WL 930248, at *3-6 (S.D.N.Y. Aug. 16, 2001) (same).

After due deliberation, the Court holds that Plaintiffs are not entitled to duplicative recoveries for the same intellectual property infringement violations under multiple theories of liability. "The provision for statutory damages serves a dual purpose – to compensate copyright owners and to deter potential infringers." *N.Y. Chinese TV Programs, Inc. v. U.E. Enterprises, Inc.*, No. 89-cv-6082, 1991 WL 113283, at *3 (S.D.N.Y. June 14, 1991) (*citing Fitzgerald Publishing Co. v. Baylor Publishing Co.*, 807 F.2d 1110, 1117 (2d Cir. 1986)). First, the Court finds that awarding duplicative statutory damages under different legal theories fails to serve the first aim as compensation for the same injury could be and should be accomplished under a single grant of statutory damages. *See Gucci v. Duty Free Apparel, Ltd.,* 315 F.Supp.2d 511, 520 (S.D.N.Y. 2004) ("To the extent possible statutory damages should be woven out of the same bolt of cloth as actual damages"). Second, the Court finds that while maximizing the judgment against Defendant through duplicative statutory damages may produce a greater deterrent effect, under the facts of this case, the broad range of statutory damages available under either the Copyright Act or the Lanham Act is sufficient to put potential infringers "on notice that it costs less to obey [intellectual property] laws than to violate them." *N.Y. Chinese TV Programs, Inc*., 1991 WL 113283 at *4.

After careful examination of the record, the Court has no doubt that the damages sustained by Plaintiffs are coextensive: it is Defendant's website and the products on his website that account for Plaintiffs' economic damages under any of the three federal statutes Defendant

violated, and it is not necessary, therefore, to award the same damages under all four federal causes of action. Accordingly, the Court concludes that Plaintiffs are not entitled to duplicative statutory damages under the Copyright Act, DMCA, and the Lanham Act. Rather, because the gravamen of this case is that Defendant created an independent server, copied the copyrighted *Evony* Game Client and published its own copy of the *Evony* Game, which enables players to play an unauthorized copy of the *Evony* Game operated on Defendant's website, the Court finds that damages under the Copyright Act constitutes the most appropriate remedy.

    **c.    Computation of Statutory Damages**

The Court now addresses the computation of Plaintiffs' statutory damages under the Copyright Act. Under § 504(c)(1), the Court must award from $750 to $30,000, "as the court considers just," for each work infringed. 17 U.S.C. § 304(c)(1). Under § 504(c)(2), the Court has discretion to increase the award to $150,000 if it finds that the infringement was committed "willfully." 17 U.S.C. § 504(c)(2).

For the purpose of enhancing statutory damages, a defendant acts willfully within the meaning of § 504(c)(2) when the defendant has knowledge that the actions committed constitute infringement. An infringement is willful if the defendant actually or constructively knows (as inferred from the defendant's conduct) that his actions constitute an infringement. *N.A.S. Import, Corp. v. Chenson Enters., Inc*., 968 F.2d 250, 252 (2d Cir. 1992), or if the defendant acts with reckless disregard as to the possibility of the same. *Twin Peaks Prods., Inc. v. Publications Int'l, Ltd.*, 996 F.2d 1366, 1382 (2d Cir. 1993).

The Court infers such willful knowledge in this case from Defendant's failure to defend this action and the fact that Defendant twice moved his infringing material and website to different internet service providers after he was sent a "takedown notification." The uncontested

record reflects that in February 2010, Plaintiffs sent a "takedown notification" to the designated agent of The Planet, the internet service provider for Defendant's website, pursuant to DMCA, demanding that the infringing content on Defendant's website be taken down or access to the site be disabled. Thereafter, Defendant moved his infringing material and website to a different internet service provider, Peer I, and utilized a Peer 1 server hosting service, ServerBeach, to run his infringing website.

Plaintiffs sent another DMCA "takedown notification" to the designated agent of the new internet service provider, Peer 1 / ServerBeach, and demanded that the infringing content on Defendant's website and server be disabled. Within hours of this second notice of infringement, Defendant posted a discussion threat on his website's forum referencing and quoting Plaintiffs' DMCA takedown notices, which stated that "Evony's not going to stop us" and admitting to "violating Evony IN GAME RULES . . . ."

In response to Plaintiffs' January 4, 2011 DMCA takedown notification, Peer 1 / ServerBeach took down or disabled access to www.xandiumstudios.net and server. Thereafter, Defendant transferred his website and server to a different internet service provider in the United Kingdom ostensibly to avoid liability in the United States.

For these reasons, the Court finds and rules that an award of the enhanced statutory maximum damages is appropriate and reasonable to compensate Plaintiffs and to deter Defendant and future infringers. The statutory maximum is especially fair in the context of Defendant's additional violation of the DMCA and the Lanham Act. Accordingly, the Court will award statutory damages to Plaintiffs and against Defendant in the amount of $300,000.00.

## IV. Permanent Injunction

In addition to statutory damages, Plaintiffs also request a permanent injunction with regard to every count of their Verified Complaint to prevent any future infringement of their copyrighted material and trademark and to bar any future circumvention of the copyright protection systems of their products. Section 502(a) of the Copyright Act provides that any court may grant "final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Similarly, Section 34(a) of the Lanham Act provides courts with the "power to grant injunctions, according to the principles of equity and upon such terms as the Court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office." 15 U.S.C. § 1116(a). Finally, under the DMCA, "the court . . . may grant temporary and permanent injunctions on such terms as it deems reasonable to prevent or restrain a violation . . . ." 17 U.S.C. § 1203(b)(1).

The standard for the grant of injunctions is similar under all three statutes. In the copyright context, "[w]hen past infringement and a substantial likelihood of future infringements is established, a copyright holder is ordinarily entitled to a permanent injunction against the infringer." *A&N Music Corp. v. Venezia*, 733 F. Supp. 955, 957 (E.D. Pa. 1990). Similarly, injunctive relief is available under the Lanham Act where there is a likelihood of confusion or deception as a result of a defendant's conduct. *MarbleLife, Inc. v. Stone Resources, Inc.*, --- F.Supp.2d ---, 2010 WL 5257815 (E.D. Pa. Dec. 23, 2010). Under the DMCA, "injunctive relief is appropriate if there is a reasonable likelihood of future violations absent such relief and, in cases brought by private plaintiffs, if the plaintiff lacks an adequate remedy at law." *Universal City Studios, Inc. v. Reimerdes*, 111 F. Supp.2d 294, 343 (S.D.N.Y. 2000). In general, a plaintiff

may obtain a permanent injunction if it shows (i) actual success on the merits and (ii) irreparable harm. *MarbleLife, Inc. v. Stone Resources, Inc.*, --- F.Supp.2d ---, 2010 WL 5257815 (E.D. Pa. Dec. 23, 2010).

In this case, Plaintiffs have achieved "actual success on the merits" through the admission of liability arising from Defendant's default. Furthermore, the Verified Complaint establishes that Defendant unlawfully sells and distributes copyrighted and trademarked material of the Plaintiffs. Nothing in the facts before the Court indicates that Defendant has ceased this infringing activity; thus, a permanent injunction is warranted in this case on all claims of the Verified Complaint.

**V.     Impoundment**

Plaintiffs also seek an order, pursuant to 17 U.S.C. § 503(b), 17 U.S.C. § 1203(b)(6), and 15 U.S.C. § 1118 to impound and destroy the following items of personal property, which are within Defendant's possession, custody or control:  (i) all copies of the *Evony* Game, including any software or source code for the *Evony* Game; (ii) all versions and copies of Defendant's infringing products, including Evony Second Opinion, Evony Task Automater, and Evomap, and any other programs created by Defendant that copy the *Evony* Game; and (iii) all promotional and advertising materials, labels, and packaging using the marks Evony Second Opinion and Evony Task Automater, and any other colorable imitation of the EVONY mark.

The Court notes that 17 U.S.C. § 503(b), 17 U.S.C. § 1203(b)(6), and 15 U.S.C. § 1118 do not make impoundment a mandatory form of relief; rather, the Court "may order the destruction or other reasonable disposition of all copies … found to have been made or used in violation of the copyright owner's exclusive rights . . . ."

As discussed *supra*, the Court has found that Plaintiffs have established that Defendant willfully infringed the copyrighted material and trademarks of Plaintiffs. Therefore, the Court rules that Plaintiffs are entitled to impoundment and destruction pursuant to 17 U.S.C. §§ 503(b) 1206(b)(6) and 15 U.S.C. § 1118.

## VI. Attorneys' Fees

Lastly, Plaintiffs seek to recover costs and attorneys' fees. Once again, all three federal statutes at issue in this case authorize courts to award prevailing parties their reasonable costs and attorneys' fees. *See* 17 U.S.C. § 505 ("[T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs."); 17 U.S.C. 1203(b)(5) (""[T]he court . . . in its discretion may award reasonable attorney fees to the prevailing party."); 15 U.S.C. § 1117(a) ("The court in exceptional cases may award reasonable attorney fees to the prevailing party.").

The Copyright Act permits a court to award fees and costs to either a prevailing plaintiff or a prevailing defendant based on a consideration of "the degree of success obtained by the moving party, the frivolousness of any claims, the motivation for the claims, the objective reasonableness of the factual and legal arguments advanced in support of them and the need for compensation and deterrence." *In re Pearman,* 432 B.R. 495 (Bkrtcy. D.N.J. 2010).

As established above, the Court finds that Defendant acted willfully in infringing Plaintiffs' copyrights and trademark. Accordingly, in furtherance of the goal of deterrence, the Court finds that Plaintiffs are entitled to reasonable attorneys' fees and costs under the Copyright Act. Plaintiffs shall, therefore, on or before **April 15, 2011**, file a Petition for Reasonable Attorney's Fees and Costs, which Plaintiffs incurred as a direct result of Defendant's unlawful infringement activities supported by appropriate Affidavit(s). Said affidavit(s) shall include

documentation to support any fee request, including, but not limited to, the issue of prevailing market rates in Pittsburgh, PA, the fair and reasonableness of the fees and costs being requested, the detail of time expended, the usual billing rates of all attorneys and support staff for whom work is claimed, and detailed fee statements, which include the hourly rates for all attorneys and support staff.

Defendant is entitled to a fair opportunity to review and consider the specifics of the fee Petition(s), as well as to respond in a meaningful way. Defendant shall, if he so desires, file any response in opposition to the request for attorney's fees on or before **May 6, 2011**.

### CONCLUSION

For the reasons stated above, Plaintiffs motion for a default judgment will be granted. Defendant shall be liable to Plaintiffs for $300,000 in statutory damages pursuant to 17 U.S.C. § 504(c). Plaintiffs are also entitled to reasonable attorneys' fees and costs and are directed to file a Petition for Reasonable Attorney's Fees and Costs, on or before **April 15, 2011**. Plaintiffs are also entitled to permanent injunctive relief.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVONY, LLC and | ) | |
| REGAN MERCANTILE, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 2: 11-cv-00064 |
| | ) | |
| PHILIP HOLLAND, | ) | |
| d/b/a XANDIUM STUDIOS, | ) | |
| d/b/a www.xandiumstudios.net, | ) | |
| a/k/a ZERO, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF COURT

**AND NOW**, this 31st day of March, 2011, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED** and **DECREED** that the MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST PHILIP HOLLAND and the MOTION FOR PRELIMINARY INJUNCTION are **GRANTED** as follows:

1. Plaintiffs' Motion for Entry of Default Judgment Against Philip Holland is **GRANTED** and Plaintiffs Evony, LLC and Regan Mercantile, LLC are entitled to a default judgment on all counts in their Verified Complaint against Defendant, Philip Holland.

2. A judgment shall be entered against Philip Holland awarding Plaintiffs a total of $300,000.00 in statutory damages as determined in the foregoing Memorandum Opinion.

3. A judgment shall be entered against Philip Holland awarding Plaintiffs their reasonable attorneys' fees and expenses incurred in this litigation in an amount to be determined. Plaintiffs shall submit a Petition For Reasonable Attorney's Fees and Costs and documentation supporting the award of attorneys' fees and costs on or before April 15, 2011. Defendant

shall file, if he so desires, any response in opposition to the request for attorney's fees on or before May 6, 2011.

4. The Motion for Permanent Injunction is **GRANTED**.

5. Philip Holland and his officers, employees, agents, subsidiaries, representatives, distributors, dealers, members, affiliates, and successors, active in concert or participation with him who receive actual notice of this order by personal service or otherwise, are **PERMANENTLY RESTRAINED AND ENJOINED**, each and every one of them, from the following:

    a. Selling, distributing, advertising, or displaying, directly or indirectly, any copy of the *Evony* Game, game client source code, or software designed to modify the *Evony* Game experience;

    b. Selling, distributing, advertising, or displaying, directly or indirectly, any product that contains, implements, or emulates the look and feel of the Evony Game or game client source code; and

    c. Advertising any product that uses the EVONY Mark, trade dress or a similar mark, including, but not limited to, Evony Second Opinion, Evony Task Automater, and Evomap.

6. Philip Holland and his officers, employees, agents, subsidiaries, representatives, distributors, dealers, members, and affiliates, active in concert or participation with them who receive actual notice of this Order by personal service or otherwise, are further ordered to immediately and permanently shut down or disable access to xxx.xandiumstudios.net and any related websites, forums, chat rooms, servers, or other online media containing references to Evony.

7. Philip Holland and his officers, employees, agents, subsidiaries, representatives, distributors, dealers, members, and affiliates active in concert or participation with them who receive actual notice of this Order by personal service or otherwise, are further ordered, to immediately and permanently transfer any and all rights in any domain names that contain the EVONY trademark, including www.evonyreports.com, to Plaintiffs on or before **April 8, 2011**.

8. On or before **April 8, 2011,** Philip Holland must notify his officers, employees, agents, subsidiaries, representatives, distributors, dealers, members, and affiliates, in concert or participation with him in the copying, sale, advertising, and display of the *Evony* Game and software that modifies the *Evony* Game experience of this Order and its directives. Those who receive actual notice of this Order by personal service or otherwise, are further ordered to immediately and permanently shut down or disable access to xxx.xandiumstudios.net and any related websites, forums, chat rooms, servers, or other online media containing any references to Evony.

9. On or before **April 8, 2011**, Philip Holland and his officers, employees, agents, subsidiaries, representatives, distributors, dealers, members, and affiliates active in concert or participation with them who receive actual notice of this Order by personal service or otherwise, are further **ORDERED**, pursuant to 17 U.S.C. § 503(b), 17 U.S.C. § 1203(b)(6), and 15 U.S.C. § 1118, to deliver to Plaintiffs, through local counsel Eric Soller, Esquire, Pietragallo, Gordon, Alfano, Bosick & Raspanti, LLP, 38th Floor, One Oxford Centre, Pittsburgh, PA 15219, the following items for destruction which are within their possession, custody or control, or that can be obtained by them through reasonable efforts:

a. All copies of the *Evony* Game, including any software or source code for the Evony game;

b. All versions and copies of Defendant Holland's infringing products, including Evony Second Opinion, Evony Task Automater, and Evomap, and any other programs created by Defendant that copy the *Evony* Game; and

c. All promotional and advertising materials, labels, and packaging using the marks Evony Second Opinion and Evony Task Automater, and any other colorable imitation of the EVONY Mark.

The Court will enter judgment consistent with this Order.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Andrew T. O'Connor, Esquire
Email: aoconnor@eapdlaw.com

Eric G. Soller, Esquire
Email: egs@pbandg.com

Steven M. Cowley, Esquire
Email: scowley@eapdlaw.com

Philip Holland
950 Corace Drive
Pittsburgh, PA 15243
(via United States Mail and
Certified Mail, Return Receipt Requested)